STATE *ex rel.* H. F. CLARK, Respondent, v. GEORGE L. OSBORNE *et al.*, Appellants.

Kansas City Court of Appeals, December 10, 1888.

Case Adjudged. The court adheres to the judgment rendered in this case on its former hearing (24 Mo. App. 309), as being in accord with the ruling made in *Britt v. Snodgrass*, 66 Mo. 226; and rebukes the defendants for failing to render obedience to the law, as judicially determined by the courts, while exacting obedience to a rule which they had no authority to make.

*Appeal from Johnson Circuit Court.*—HON. CHARLES W. SLOAN, Judge.

AFFIRMED.

The case is sufficiently stated in the opinion of the court.

*Samuel P. Sparks*, for the appellants.

(1) The board of regents of the state normal schools are state officers within the meaning of the constitution. *State ex rel. v. Dillon*, 90 Mo. 229; *State ex rel. v. Valle*, 41 Mo. 29; *State ex rel. v. McKee*, 69 Mo. 308. It follows that the supreme court alone had jurisdiction to determine the question whether the circuit court erred in refusing the application of the regents to be made parties. (2) This proceeding is upon the theory that defendants are public officers, for except the faculty is some sort of public officers, and some sort of official duty is sought to be enforced, *mandamus* will not lie; since this remedy cannot be used against them in their individual capacity, or to enforce the performance of an unofficial act. High Ex. Leg. Rem. secs. 1–33a; Moses on Mand. sec. 14; *Mansfield v. Fuller*, 50 Mo.

338 ; *Lampere v. Lodge*, 47 Mich. 424 ; *City v. Ramey*, 59 Cal. 275 ; *State ex rel. v. County Court*, 39 Mo. 375 ; *People v. Troy*, 82 N. Y. 517 ; *State ex rel. v. Trent*, 58 Mo. 571 ; *State ex rel. v. Tolle*, 71 Mo. 647 ; *State ex rel. v. Powell*, 67 Mo. 395. ' If the faculty fall under the denomination of officers at all, they are state officers as distinguished from county, municipal and township, and this court is without appellate jurisdiction. (3) The relator had another, a specific and adequate ordinary remedy at law, provided by section 7166, Revised Statutes, an appeal from the action of the faculty to the board of regents. High. Ex. Leg. Rem. sec. 15 ; *Mansfield v. Fuller*, 50 Mo. 338. (4) The circuit court erred in refusing the motion of the faculty to make the board of regents parties respondent, and the board to be made parties, for the board was the real party in interest. This case is like any other suit after issue joined. R. S., secs. 3464, 3465, 3466, 3468 ; *State ex rel. v. Jennings*, 56 Wis. 113.

*O. L. Houts*, for the respondent.

(1) The supreme court, by the transfer of this case, has decided that this court has jurisdiction of it, and that the board of regents were not necessary parties. (2) Every proposition involved in this case was fully and fairly considered and squarely decided by this court when this case was here before. *State ex rel. v. Osborne*, 24 Mo. App. 309. (3) The principles involved were all settled by our supreme court long before this case arose. *Britt v. Snodgrass*, 66 Mo. 286.

RAMSAY, J.—This is an application for *mandamus* filed by the relator H. F. Clark, before the judge of the Johnson county circuit court on the sixth day of June, 1884, at chambers, to compel the faculty of state normal school, district number two (2) of the state of Missouri, to restore the name of one Rosa Clark upon the rolls of said school and to permit and allow her to attend said school as a student and pupil therein. An alternative

writ was issued returnable to the June term, 1884, at
which term the respondents (appellants herein) appeared
and filed a demurrer to the alternative writ alleging two
grounds, to-wit: "First, because said alternative writ
does not state facts sufficient to entitle relator to the
relief sought therein, or constitute any cause of action
against respondents (the faculty) ; second, because rela-
tor has another specific legal remedy." The court sus-
tained such demurrer and rendered judgment against
the relator, from which he appealed to the supreme court
of this state. On motion of respondents (the appellants
herein) the cause was transferred from the supreme court
to this court, where, on January 10, 1887, a decision was
rendered in this court, reversing the judgment of the
lower court and remanding the cause with leave for
respondents to file answer to said alternative writ. See
*State ex rel. v. Osborne*, 24 Mo. App. 309, where the facts
alleged in relator's application, and in the alternative writ
are sufficiently set forth to obviate the necessity of an
extended statement here. It may be well to say that
Rosa Clark, a daughter of the relator H. F. Clark, as it
was alleged, had been suspended and expelled by the
faculty from said school for a violation of rule nine
theretofore adopted by the faculty and by the board of
regents of said normal school which rule was as follows :
"9. Students are prohibited from attending parties,
entertainments or places of public amusement, except
by permission." On the sixteenth day of June, 1887,
the respondents (appellants herein) appeared in the cir-
cuit court of Johnson county, to which the cause had
been remanded, and filed their return to the alternative
writ, also a motion to have the members of the board of
regents made respondents in the case. The return,
among other things, alleged that the respondents
(faculty) held their employment and exercised the func-
tion of their office, by virtue of the employment of the
board of regents and in subordination to their will and
control. After stating the names of the different mem-
bers of the board of regents, it was further alleged :
" That the said board of regents are the real parties in

interest and they ought to be made and are necessary parties to a complete and proper determination of the matters alleged in said writ." And as a justification for the act of expulsion, which was admitted, the return further alleged: "She (meaning Rosa Clark) was admitted as a pupil in said school and being so a member, on or about the said fourth day of March, 1884, without the permission or desire of respondents, or either of them being asked or given, but against their will, did attend, at night, a social party, to-wit, a dance at Empire Hall in said city, a place kept and maintained for hire for public amusement, and in so doing did violate rule number nine, hereinbefore set out, and when the said Rosa was brought before respondents, upon a charge of violating said rule number nine, was contumacious and insubordinate, in this, that being required to answer for her said conduct, persistently refused to do so, and upon being required to assure respondents (faculty) that she would respect and obey said rule number nine, if permitted to remain in said school, refused to assure respondents, and refused to recognize the validity of the rule, or the authority of respondents to control her conduct, by virtue of these rules and to be disciplined for such infraction." The return also set up the insufficienty of the allegations of the alternative writ. Otherwise it was a substantial admission of the facts as alleged in the writ. It appears also, that before the court passed upon the motion filed by the faculty, hereinbefore mentioned, the counsel for the faculty filed a similar motion on part of the members of the board of regents to be made parties respondents. The record further shows that upon a hearing of the last-named motion, a member of the board of regents appeared and was permitted to inform the court that the board of regents had taken no official action in the premises, and that as a member he did not desire to be made a party to the action or to litigate the question further. It was further shown that the board had not officially directed that such application on their part be made. The court holding that the board were not necessary parties, over-

ruled both motions and on motion of relator held the return to the writ insufficient and rendered a judgment that the alternative writ be made perpetual, from which the cause was appealed by the respondents (faculty) to the supreme court, when, on the sixteenth day of January, 1888, on relator's motion filed in that court to dis-miss appeal for want of jurisdiction in such court, the cause was again transferred to this court.

This court will construe the action of the supreme court in transferring the case from that court to this court as being decisive of the question of jurisdiction raised by counsel for the appellants. Aside from the question of jurisdiction, most, if not all, of the points raised by appellants' counsel have been decided by the judgment of this court on its former hearing. In that case it is decided that the facts stated in the alternative writ constituted a good and sufficient cause of action, that the board of regents had no authority to adopt, nor had the faculty authority to enforce rule nine, for the violation of which the student was expelled. This ruling accords with that made in *Dritt v. Snodgrass*, 66 Mo. 286. The contumacious and insubordinate conduct imputed to the student, in the return to the writ, was that of a simple refusal upon the part of the student to answer for her conduct in attending the social party and her refusal to assure the faculty that she would respect the rule prohibiting students from attending parties, etc. It is singular that with the rulings of the supreme court and this court, holding such a rule illegal, before them, appellants can seriously maintain that a silent refusal on the part of a student to render an assurance of obedience to such rule was contumacious and insubordinate. If the faculty had no authority to enforce such a rule they had no authority to exact obedience to it. Teachers and litigants should render respectful obedience to the law as judicially determined by the courts, as they would have students render respectful obedience to needed rules and regulations adopted for the government and good of schools. There can be no question but that schools should be disciplined and

that teachers should be sustained in all lawful and laudable endeavors to exact obedience to their authority. But courts have to do with, and declare the law as they find it. It is ably argued by counsel that the rule of law applicable to the common district schools of the state ought not to apply to the normal schools, where students from a distance are gathered together, and as a consequence require a wider and more extended surveillance. However this might be determined in the domain of logic and reason, the statute governing such institutions has not, in our opinion, granted to the board of regents or to the faculty the power and authority to make and enforce such rules as the one in question. Indeed, it is a matter of uncertainty whether the statute assumes to vest the power to make the needed rules and regulations for the government of the students in the board of regents or the faculty. It certainly is not so explicit as in the provisions governing the common schools of the state. As suggested by ELLISON, J., in *State ex rel. v. Osborne, supra*, the statute in reference to the normal schools is very unsatisfactory in its provisions. I would not be understood as intimating that the power to make such reasonable, needed rules does not exist. If the statute was absolutely silent upon the subject, such power, under the common law, would rest with the faculty. The teachers standing as they do, *in loco parentis*, within the sphere of their duty as teachers would possess such power. The reasoning and argument of counsel might be more persuasive if addressed to the legislative department of state than effective when presented to the courts. We do not think the board of regents were necessary parties to a proper determination of the questions involved in this case, and viewing the return made by respondents (faculty) as a renewed effort to establish the validity of rule nine, which was condemned in the cases hereinbefore cited, we approve the action of the trial court in sustaining relator's motion to make the writ perpetual, and in rendering the judgment it did.

Its judgment is therefore affirmed. All concur.