BARNARD SCHOOL DISTRICT, Appellant, v. A. J. MATHERLY, Respondent.

Kansas City Court of Appeals, April 2, 1900.

1. **Schools: TEMPORARY RESIDENCE: FREE TUITION.** Coming temporarily within a district to reside during the scholastic year, for the purpose of sending children to the school of that district is not allowable and the party so doing is not entitled to free tuition. State v. Smith, 64 Mo. App. 313 distinguished.

Appeal from the Nodaway Circuit Court.—*Hon. Gallatin Craig,* Judge.

REVERSED AND REMANDED.

*C. A. Anthony, W. A. Blagg* and *E. A. Vinsonhaler* for appellant.

(1) Section 7993, as amended (Session Acts 1897, pp. 229, 230), was in force when this debt accrued. This *proviso*, by expressing the classes of children who are not required to pay tuition, excludes all other classes. This section has been strengthened as against defendant's contention since. Binde v. Klinge, 30 Mo. App. 285. Domicil has

been defined: Mitchell v. United States, 21 Wall. 352; State ex rel. v. School District, 75 N. W. Rep. loc. cit. 855, 856; Gardner v. Board of Education, 38 N. W. Rep. 433; Adams v. Abernathy, 37 Mo. 198; State ex rel. v. Dayton, 77 Mo. 682; Lankford v. Gebhart, 130 Mo. 633; State ex rel. v. Banta, 71 Mo. App. 41; Walker v. Walker, 1 Mo. App. 404; Wood v. Roeder, 63 N. W. Rep. 855; Dupuy v. Wentz, 53 N. T. 556; Hall v. Schoenecke, 128 Mo. 667; Constitution of Missouri, art. VIII, sec. 7.

*S. R. Beech, L. C. Cook* and *Charles Wilson* for respondent.

(1) The theory and object of our law is, that every child of school age, shall have the right to attend some public school, and that, too, without the payment of tuition. Then what school had respondent's children a right to attend in the winter of 1897 when he lived in appellant's district? Could they go to the district they had left? No. Section 7993 of R. S. of 1889, as amended by Acts of 1897, at page 230, says, that tuition may be charged to "pupils not residents within the district." State ex rel. v. Smith, 64 Mo. App. 317, 321. (2) Residence, as required by our school law, is not synonymous with domicile. State ex rel. v. Smith, 64 Mo. App. 317; Stout v. Leonard, 37 N. J. L. 492; Jacob's Law of Domicile, sec. 73 et seq.

ELLISON, J.—This action is based on a promissory note given by defendant to plaintiff for tuition for his children in attending the public school of plaintiff district. The judgment in the trial court was for defendant.

It appears that defendant resided with his family on his farm about three miles from the town of Barnard and outside the Barnard school district. That at about the beginning of the school term, in September, 1897, defendant, with his family, moved into the town, rented a house and

sent his children to the public school. He gave the note in suit for the tuition, but at the trial, pleaded that there was' no consideration. This plea is based on the idea that he was legally entitled to send his children to the school in Barnard free of charge. Plaintiff's contention is that defendant only moved into the town temporarily to remain during the term of school, for the purpose of sending his children to school. Defendant contended that if this was conceded it would make no difference, that he would still have the right to have his children attend the school in town free of charge. Evidence tending to prove plaintiff's theory was excluded on defendant's objection. Some of plaintiff's refused instructions were along the same line.

In our opinion, to entitle one to school privileges for his children in the public schools he must *bona fide* reside within the school district. Coming temporarily within the district to reside during the scholastic year, for the purpose of sending children to the school of that district can not be allowed. If this defendant has such right, then all other citizens of Nodaway county, outside of Barnard, have, of course, the same right. The result would, therefore, be that that district could be called upon to support schools for the benefit of other distinct communities. This was not contemplated by the statute. State v. School Dist., 55 Neb. 317; Gardner v. Board of Education, 5 Dak. 259.

If one living outside a school district desires the free school privileges of another district, he must abandon his old residence and go into the other district with the intention to become a resident therein and to subject himself to all the burdens and duties of other citizens residing there. "A temporary removal of a person for the sole purpose of educating his children, without an intention of abandoning his usual residence, and with the intention of returning thereto when his purpose has been accomplished, will not constitute

such a change of residence as would, under the law, entitle him to vote at his temporary abode." Hall v. Schoenecke, 128 Mo. 661. Nor would such removal entitle him to free tuition for his children.

Defendant has cited us to the case of State ex rel. v. Smith, 64 Mo. App. 313. It is not applicable. The question there was as to the performance of the duty of the school clerk in taking the enumeration of school children to the end that it might be determined whether there was a sufficient number of negro children to authorize a school for them. The complainant in that case wanted a negro school maintained for the year 1894. By counting his children there was a sufficient number, by omitting them there was not. He had moved his family outside the district and to all appearances had abandoned his residence. He claimed he had an intention of returning, but of this the clerk was uninformed and he rightly omitted their names from the enumeration list. On the general subject of residence, on the point made that defendant was yet a citizen of the district in which his farm was, see State ex rel. v. Banta, 71 Mo. App. 32.

The judgment is reversed and cause remanded. *Smith, P. J.*, concurs; *Gill, J.*, absent.