THE SCHOOL DISTRICT OF BARNARD, Appellant, v. ANDREW J. MATHERLY, Respondent.

90 403
e96 ¹419

### Kansas City Court of Appeals, December 2, 1901.

1. **Schools:** DOMICILE: INSTRUCTIONS. Instructions relating to domicile in a school district are reviewed, and an instruction asserting that a removal into a district with the intention of remaining, if it suited, otherwise to return, made the mover a resident of such district, is condemned and the error is not cured by other proper instructions given for the plaintiff.

2. ———: NOTE FOR TUITION: COMPROMISE CONSIDERATION. Compromise of a doubtful claim asserted in good faith furnishes a valuable consideration to support a promise; and so where there is a contention between a district and a resident therein relating to his liability for the tuition of his children and he gives his note for such tuition, in an action on the note it is proper to submit to the jury the question whether there was such compromise, and if so to return a verdict accordingly.

3. **Trial and Appellate Practice:** NO CHANGE OF THEORY: RES ADJUDICATA: ESTOPPEL. An appellate court can only determine questions raised in the trial court and where estoppel and *res adjudicata* are not presented in that court, they can not be considered on appeal.

Appeal from Nodaway Circuit Court.—*Hon. Chas. F. Booher,* Special Judge.

REVERSED AND REMANDED.

*W. A. Blagg* and *E. A. Vinsonhaler* for appellant.

(1) The instruction for the defendant is clearly erroneous as a definition of domicile under the rulings of this

court on former appeal and all other authorities.   Lankford
v. Gebhart, 130 Mo. 621; State ex rel. v. Finn, 38 Mo. App.
504; State ex rel. v. Banta, 71 Mo. App. 32.    (2)    Is not
defendant forever debarred from making any defense against
this note and are not plaintiff's refused instructions the law?
(3)    Both sides understood the issue.    They settled it.    "He
is concluded by his own compromise; it was fairly made with
knowledge of all the facts—let him then abide by it."    Draper
v. Owsley, 15 Mo. 613; Livingston v. Dugan, 20 Mo. 102;
Rinehart v. Bills, 82 Mo. 534; Pickel v. Chambr. Com., 80
Mo. 65; 2 Randolph Com. Paper, p. 61, sec. 486; Marmon
v. Waller, 53 Mo. App. 610.

*S. R. Beech, L. C. Cook* and *Charles Wilson* for re-
spondent.

(1)    Appellant complains of respondent's instruction
No. 1, as being an insufficient definition of "domicile."    We
think not but, · if so, the jury were certainly correctly in-
structed in the second instruction given for appellant.    (2)
Appellant contends that the execution of the note as a com-
promise, or for any other reason, binds respondent, and com-
plains of error in the lower court, in refusing its instructions
numbered 3, 4, and 5.    The appellant offered the same in-
structions, as to execution of the note (its purported consid-
eration), and as to the question of settlement of a disputed
claim, in lower court at trial in Furniture & Carpet Co. v.
Davis, 86 Mo. App. 296, and Wolf v. Ins. Co., 86 Mo. App.
580.    (3)    But, if respondent, as resident of appellant dis-
trict, was exempt from the payment of tuition, or if the note
was obtained by duress, then there was no valid claim to com-
promise, and the note was void, both for want of considera-
tion, and because of the duress.    Hensinger v. Dyer, 147 Mo.
219; Douglas v. Kansas City, 147 Mo. 429.    (4)    And, if

respondent was legally liable for tuition, it was in money and not by note, and the appellant can not do a credit business, and note was void for that reason. City of Craig v. Smith, 31 Mo. App. 286.

SMITH, P. J.—The facts, which the evidence presented by the record in the present case tend to prove, are very much the same as those presented by it when the case was here by appeal on another occasion—84 Mo. App. 140.

At the trial, the court by an instruction for plaintiff declared to the jury: "The jury are further instructed that, under the law of Missouri, to entitle a person to send children to any particular school, without paying tuition, the party must be a resident of such school district. That is to say, he must not only be merely within the limits of the school district, but he must have an intention of remaining there as his fixed home or domicile. The jury are instructed that the defendant was not entitled to the benefits of the Barnard schools unless he intended to make that his home and abandon his old residence on the farm. If Matherly had no fixed intention as to his home in Barnard, or if he intended to return to his farm, he must pay the note." This instruction is conceded to be correct and in accordance with the law as it was declared by us to be when the case was here on the former appeal.

The plaintiff complains that the court erred in giving the defendant's first instruction which declared that if the defendant moved his family into plaintiff's district, intending in good faith to live and remain in and make said district his home for an indefinite period as long as he could rent (or if he could sell) his farm, and that he did rent his farm and did reside in plaintiff district for about two years, and during all the time for which tuition is herein claimed, then he is

not liable for the payment for the tuition for the schooling of his children during that period, etc.

It seems to us that the defendant's instruction is not in accord with that of the plaintiff, and is an incorrect expression of the law. The latter, in effect, told the jury that if they believed from the evidence that when defendant moved into the Barnard school district he only intended to remain during the term he could rent his farm, unless he should sell it, in which event his residence would be permanent. If the law is as this instruction asserts it to be, then one who resides in the country can quit his farm and remove to a neighboring city or village with the intention of there remaining no longer than he can satisfactorily rent his farm, unless he sell it, in which event he would remain permanently, and in that way lose his residence in the country and acquire a new one in the city or village to which he may have removed; and in consequence thereof acquire the right to send his children to the public schools in such city or village without the payment of tuition. Suppose, at any time after his removal, he find for any reason that he can not satisfactorily rent his farm, or can not find a purchaser for it, and in consequence returns to it, it can not be said that this was not in accordance with what he originally intended to do.

It has been held that leaving one's residence with the intention to remain away if suited, but to return if not, will not cause one to lose his residence if he returns before the election. Lankford v. Gebhart, 130 Mo. 621; Beardstown v. Virginia, 81 Ill. 541; Smith v. People, 44 Ill. 16; McCrary on Elections, sec. 96. The language employed in the defendant's instruction was only another way of telling the jury that if the defendant left his farm and removed to Barnard with the intention of remaining if it suited and if not suited, to return to his farm, then during the period of his inhabitancy of the village of Barnard he was a resident thereof

and entitled to send his children to the public school therein without the payment of tuition. The law seems to be that it is necessary that the intention should be to reside presently as well as *permanently*. Jacobs on Domicile, sec. 179, and cases cited note 1; McCrary on Elections, sec. 177, and cases cited note 1. Or, as was said by Chief Justice MARSHALL, in his dissenting opinion in The Venus, 8 Cranch 253: "The intention which gives residence is an unconditional intention to 'stay always.'" See, also, State v. Banta, 71 Mo. App. 32; Scovill v. Glasner, 79 Mo. 460. We can not give our sanction to the rule asserted by defendant's instruction, because it is quite apparent that its effect would be to subject the city and village districts, and the legal residents therein, to many grievous burdens from which they should rightfully be exempt. And the fact that the court gave an instruction for the plaintiff that is concededly correct in expression did not correct the vice to which we have referred in that of the defendant.

The plaintiff further complains that the court erred in refusing to give its instruction number three which in effect declared that the execution of the note sued on was admitted, and if there was a disputed question between plaintiff and defendant as to his (defendant's) liability for tuition and that defendant acquiesced in the claim of the plaintiff and gave his said note therefor and continued to send his children to said school after the giving of said note and its acceptance by the plaintiff, that the verdict ought to be for plaintiff. There was some evidence adduced which we think entitled the plaintiff to a submission of the case on the theory of the plaintiff's refused instruction. It is very well settled in this State that the compromise of a doubtful claim, asserted in good faith, furnishes a valuable consideration to support a promise. Rinehart v. Bills, 82 Mo. 534; Pickel v. St. Louis Chamber, etc., 80 Mo. 65; Haysler v. Owen, 61 Mo. 270;

Johnson v. Lowe, 72 Mo. 637.

The issue of *res adjudicata* was not raised in any way in the case in the trial court, and had it been it would have been unavailing since it is clear from the opinion in the former case that the only question considered or decided was as to whether or not one coming temporarily within a school district to reside during the school year for the purpose of sending his children to the school of that district, was entitled to free tuition. No other question was determined by that decision. The other questions raised by the instructions in that case were not determined by us on that appeal and they are therefore not *res adjudicata*. Hombs v. Corbin, 34 Mo. App. 393; Bank v. Taylor, 62 Mo. 338. Nor was any question of estoppel raised or passed upon by the circuit court. We can only determine such questions as were raised in the trial court. A party can not call upon us to determine a different case from that submitted to that court for its determination.

The judgment will be reversed and cause remanded. All concur.