STATE OF MISSOURI ex rel.     E. M. BIGGS, Respondent, v. ELI PENTER et al., Appellant.

Kansas City Court of Appeals, November 3, 1902.

1. **Schools:** RIGHT OF RESIDENT TO SEND CHILDREN: PRACTICE. Whether an apparent resident of a school district has such residence as to entitle him to send his children to the school, is a question of fact for the trial court, and its finding binds the appellate court if there be any evidence to sustain it.

2. ———: ———: MANDAMUS. The rule that mandamus will not lie in review of official acts involving judgment and discretion, has no application to the question whether a resident of a school district has the right to send his children to school, and mandamus is the proper remedy to compel their admission.

3. ———: ———: ESTOPPEL. The fact that a resident may fail to meet the directory when investigating his right to send his children to the district school, and may refuse to make an affidavit prescribed by the board, does not affect his right nor stop his assertion thereof.

State ex rel. v. Penter.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*C. B. Sebastian* for appellants.

(1) The demurrer should have been sustained. The petition and writ both show that the board of directors acted within the scope of their authority under the school law. The question of whether the relator was a resident or non-resident called for the exercise of judgment and discretion; it was a question upon which the board must have evidence and pronounce a conclusion. State ex rel. v. Board of Health, 103 Mo. 28; State ex rel. v. Smith, 105 Mo. 9. (2) The injury complained of is a private one. It does not pertain to the public. It is one for which he has a remedy at law. There is no evidence even tending to show that the defendants or any one of them were guilty of gross and palpable violation of the discretion confided to them by the school law. School District v. Matherly,. 84 Mo. App. 140; School District v. Matherly, 90 Mo. App. 403.

*Ev. M. Bass* and *Wellington Gordon* for respondent.

(1) We hold that in all such cases, mandamus is the only adequate remedy, and our courts, upon the issues made, hear the testimony and render their judgments as in all other contested trials. State ex rel. v. Hamilton, 42 Mo. App. 24; State ex rel. v. Smith, 64 Mo. App. 313. (2) "That mandamus against the board is the proper remedy, in case of an illegal expulsion of a child from a public school, has been frequently decided by this court and other courts in this State." In the matter of Rubenack, 62 Mo. App. 8; State ex rel. v. Osborn, 32 Mo. App. 536, and citations. (3) It is the remedy resorted to in other jurisdictions.

Vol 96 mo app—27.

High's Ex. Legal Remedies (2 Ed.), sec. 332, and cases cited in note 4. Glencoe v. People, 78 Ill. 382. (4) Counsel contends that the board is answerable in mandamus proceedings, only when a public right is violated, by the exercise of their judgment, and that the injury here is a private one, for which there is a remedy at law, and therefore mandamus does not lie. This, if ever the law, has long since been discarded, by both our text-writers and courts. State ex rel v. Wright, 10 Nevada 167; 24 Mich. 469; High's Ex. Legal Remedies (2 Ed.), sec. 10, and citations. (5) The contention of appellants' counsel, in his third point, is hardly worthy of notice, since the universal practice seems to be that mandamus directed against the individuals, in their corporate capacity, is virtually the same as if directed against the corporation in its corporate name. High's Ex. Legal Remedies (2 Ed.), sec. 442, and citations; State ex rel. v. Wright, 10 Nevada 168.

ELLISON, J.—Relator claiming to be a citizen of the town of Ashland, Boone county, Missouri, seeks to compel defendants, who are the directors of the Ashland School District, to admit his five children to the school of such district without tuition. The finding of the trial court was for relator and a peremptory mandamus was issued.

The children had entered the school, but the defendants being of the opinion that they were not residents of the district, notified relator to appear at a meeting of the directors and show cause why he should not pay tuition for them on the ground of non-residence. Relator did not appear at such meeting. He was then notified that his children were excluded from the school. Another meeting of the board was called at relator's request at which he was present. They were unable to agree on relator's residence and after some dispute as to whether relator should sign an affidavit prepared for him on the question of residence, the determination to exclude the children was adhered

to, whereupon relator instituted this proceeding as aforesaid.

In School District v. Matherly, 84 Mo. App. 140, affirmed on second appeal, reported in 90 Mo. App. 403, we determined that a person coming from the country temporarily into a town school district was not entitled to free tuition for his children in the school of such district and we determined the character of residence required for such free use of the school. In this case it appears that relator resided on his farm outside the limits of the Ashland School District and that a few weeks prior to the fall term of the Ashland school he moved his family into Ashland. Whether such removal was merely temporary for the purpose of getting the advantage of the town school; or whether of a permanent character, was the question tried by the trial court and we find that there was evidence to sustain that court in its conclusion on the question of residence under the cases cited.

But it is contended that mandamus was not relator's remedy. In this connection the familiar rule that mandamus will not lie in review of official acts which require the exercise of judgment and discretion, is called to our attention. That rule has no application to the case in hand. The school board has no discretion which can be exercised against the right of a citizen of that board's district to have his children attend the public school free of charge. The fact determines the right and it has always been held in such cases that mandamus is a proper remedy. In the matter of Rebenack, 62 Mo. App. 8; State ex rel. v. Hamilton et al., 42 Mo. App. 24; State ex rel. v. Osborne et al., 32 Mo. App. 536. The ordinary process of law does not afford that complete remedy which would deprive one of the right to resort to an extraordinary writ.

The suggestion submitted here that the injury is a private one and that defendant had at first failed to meet with the directory to enter upon a question of his right to the benefit of the school and that he had re-

fused to make a certain affidavit prescribed for him
by defendants can not affect his abstract right, nor
estop him from asserting it in the proper tribunal.

We do not regard the criticism of the form of the
judgment as of substantial merit. The judgment will
therefore be affirmed. All concur.