## THE STATE ex rel. BROWN, Collector, Appellant, v. GEORGE A. HAMILTON, Curator.

### Division Two, March 19, 1907.

1. **TAXES: School: Minor: Where Payable.** Where neither the minor nor his curator was, at the time the assessment for taxes was made against the minor's estate, a resident of or domiciled in the school district in which the minor's parents resided at the time of their death, the county collector cannot collect the school taxes for the benefit of that school district. Since the minor did not reside in that district after their death, the fact that he was regularly returned for years as a taxpayer of said district falls far short of establishing his residence or domicile in that district, and did not prevent a change of his residence or domicile while he was yet a minor. But where the curator resided in one district, and the minor in another and went to school there, whether or not the district in which the minor resided was entitled to the school taxes, or the district in which the curator resided, is not decided in this case, because that issue is not before the court.

2. ————: **Judgment in Favor of Another District: Responsive to Pleadings.** Where the district for whose benefit the county collector sues the estate of a minor for school taxes, is not entitled to those taxes, he cannot complain because the judgment adjudges the district in which the minor resided and went to school to be entitled to those taxes and for that reason is not responsive to the pleadings.

Appeal from Lincoln Circuit Court.—*Hon. H. W. Johnson,* Judge.

AFFIRMED.

*Stuart L. Penn* and *O. H. Avery* for appellant.

(1) The situs of personal property in this State is, for purposes of taxation, at the domicile of the owner. Sec. 9121, R. S. 1899; State ex rel. v. McCausland, 154 Mo. 185; State ex rel. v. Renshaw, 166 Mo. 682. (2) The personal property of a deceased person should be taxed at the domicile of such deceased person, and not at the place of residence of his administrator. Stephens v. City of Boonville, 34 Mo. 323. (3) The domicile of a minor child is that of the last surviving parent, and the appointment of a guardian who resides at a place other than the domicile of the minor does not change the minor's domicile. Lacy v. Williams, 27 Mo. 280; Lewis v. Castello, 17 Mo. App. 593; Markheineke v. Grothaus, 72 Mo. 204; DeJarnette v. Harper, 45 Mo. App. 415. (4) The domicile of a minor child is the situs of personal property for the purpose of taxation. School District v. James, 37 Am. Dec. 527. (5) When a guardian gives in the property of his ward to the assessor as the property of his ward and not as his individual property, which he possibly has a right to do under the statute, the situs of such property is at the domicile of the ward. Hamilton v. Brown, 172 Mo. 383. (6) A guardian is personally liable for the taxes assessed, levied and charged against his ward's property. State ex rel. v. Burr, 143 Mo. 209; Kansas City v. Simpson, 90 Mo. App. 50. (7) Judgment must be responsive to the pleadings. Schnieder v. Patton, 175 Mo. 684; Cope v. Snider, 99 Mo. App. 496.

*Chas. Martin* for respondent.

(1) While we think the court erred in its judgment requiring defendant to pay school tax for the benefit of school district No. 6, township 50, range one west, the defendant has not appealed from that judg-

ment, and if the tax does not belong to school district No. 4, township 49, range one west, this error, if any, is a matter about which plaintiff cannot complain. Our statute makes the residence of the owner or taxpayer the place where personal property shall be assessed. Secs. 9144, 9145, R. S. 1899. The statute nowhere uses the word domicile in connection with the assessment of property. Domicile is something more than residence. It requires the intention as well as the fact to constitute domicile. Of course, the intention of a person as to his home could not be a guide to the assessor in making his assessment. The statute requires something visible—something that the assessor may see and determine himself—a fact and not an intention. Residence as distinguished from domicile answers this requirement. It was the fact of residence without regard to intention upon which the court sustained the tax assessed in the case of State ex rel. v. Renshaw, 166 Mo. 682, and in the case of State ex rel. v. McClausland, 154 Mo. 186; the court reversed the judgment because the trial court refused to instruct that if the defendant was not a resident of the city of St. Louis but was a resident of St. Louis county the plaintiff could not recover. State ex rel. v. Brown, 172 Mo. 383. (2) The county clerk's duty is ministerial. He cannot assess or change the assessor's books and can only extend and compute the taxes for school as shown by the last annual assessment for State and county purposes as provided by section 9844. School District v. Wickersham, 34 Mo. App. 337; State ex rel. v. Railroad, 135 Mo. 619. The agreed statement of facts in this case shows that upon the lists and personal assessment books made by the assessor the property was assessed to school district No. 2, township 49, range one east, and it was only by the wrongful and unauthorized act of the county clerk that it was carried upon the collector's books to the credit of district No. 4, township 49, range one west. (3) A curator has the legal cus-

tody and control of his ward's estate, and where personal property is held by a trustee who has the legal custody and control over it, the situs of the property is with the trustee. 1 Desty on Taxation, 337; Mayor v. Stirling, 29 Md. 48; State v. Matthews, 10 Ohio 431; Trustee v. Augusta, 90 Ga. 634; State v. Collector, 39 N. J. L. 79; Towsey v. Bell, 23 Ind. 423. (4) The court's view in adjudging that the school tax belongs to district No. 6, township 50, range one west is amply sustained by the statute and authority. The minor had been a resident of that district for more than ten years before the assessment was made, was a member of his aunt's family, and received the benefits and advantages of the public school in that district. The relation of parent and child existed between them, and in such a case the status of the minor became fixed at the home of the aunt. Cox v. Boyce, 152 Mo. 576; Academy v. Bobb, 52 Mo. 360; State v. Kavanaugh, 133 Mo. 460; Hennessy v. Brewing Co., 145 Mo. 411; Eickhoff v. Railroad, 106 Mo. App. 544; Lamar v. Micou, 114 U. S. 222; Schouler's Domestic Relations, 303; In re Benton, 92 Iowa 202; Traction Co. v. Cameron, 137 T. R. 49; Kirkland v. Whately, 4 Allen 462.

FOX, P. J.—This case is brought to this court by appeal on the part of the plaintiff from a judgment of the Lincoln County Circuit Court in a suit by the collector of Lincoln county, Missouri, against George A. Hamilton, for the taxes due from the estate of his ward, Charles M. Hamilton, a minor, for the years 1897, 1898 and 1899. We deem it unnecessary to burden this statement by reproducing the petition in the cause. There were three suits for taxes, one for each of the years as heretofore indicated, and by order of the court they were consolidated. The cause was submitted to the court upon the evidence introduced and the court made the following finding of facts:

"That the last surviving parent of the minor died

on the day prior to 1888, and at the time was a resident of District No. 4, Tp. 49, R. 1 W., Lincoln county, Missouri. That Geo. A. Hamilton, defendant, was appointed curator of the estate of said minor; that said Hamilton's residence was at the time of his appointment and is now in District No. 2, Tp. 49, R. 1 E., in said county; that immediately after the death of said last surviving parent of said minor, then only nine years old, he went to live with his aunt in District No. 6, Tp. 50, R. 1 W., and continued to live with her under her parental control and direction until he attained his majority; that said minor was enrolled in said district as a child therein and enjoyed all the rights and privileges therein as other enrolled children; that the school board of District 4, Tp. 49, R. 1 W. returned the said minor as a taxpayer resident therein; that the estate of said minor was duly assessed by the assessor of Lincoln county, Missouri, but the taxes levied therein were assigned to District No. 4, Tp. 49, R. 1 W., by the clerk, and so charged on the collector's books; that defendant tendered all state and county taxes to the collector, but the same was refused by said collector, for the reason that the school tax was not included therein.

"That the residence of said minor from the death of his said last surviving parent was with his aunt in District No. 6, Township 50, Range 1 west, in said county; that the taxes should have been assigned and set apart to said District No. 6, Township 50, Range 1 west. It is therefore ordered and adjudged that the defendant pay the state and county taxes without penalty. That defendant pay the school taxes according to the current rate in District No. 6, Township 50, Range 1 west, and that the said taxes be transferred to said District No. 6, Township 50, Range 1 west, and that defendant pay the costs of this finding."

And afterwards on the same day and date entered the following judgment, to-wit:

"Now comes the parties to the above cause and

submit the matters in the issue herein to the court upon the evidence introduced and an agreed statement of facts filed herein, and the court being fully advised of and concerning the premises finds that the state and county taxes sued on as shown by the three taxbills in said consolidated suit aggregate the sum of six hundred and fifteen and 58-100 dollars without interest and penalties for the years 1898, 1899 and 1900, and that the school taxes for the same years aggregate the sum of five hundred and forty-three and 20-100 dollars without interest and penalties.   That prior to the first day of January following the year after said state and county taxes became due and payable the defendant tendered and offered to pay the full amount of said state and county taxes to the collector of Lincoln county, and that said collector refused to accept the same unless the defendant also paid in full said school taxes, and that defendant has ever since been ready and willing to pay said state and county taxes and tenders same into court, and the court further finds that said school taxes so sued for in said taxbills, were assessed and extended upon the tax books for the years of 1898, 1899 and 1900 upon estimates and reports made by School District No. 4, Township 49, Range 1 west, in Lincoln county, Missouri, and that at the time of the assessment of said taxes for said years the defendant was curator of the estate of said Charles M. Hamilton, a minor, and had and controlled the assets and estate of said minor, and resided in, and gave the lists of said property of said minor to the assessor at his house in School District No. 2, Tp. 49, R. 1 east in Lincoln county, Missouri.   The court further finds that at the death of his parents, the said Charles M. Hamilton, who was then nine years old, went to live with his aunt who resided in School District No. 6, Tp. 50, R. 1 west, Lincoln county, Missouri, and continued to live with her and under her parental control and dominion until he became of age in 1900, and while so living with his said

aunt was listed as a public school pupil of said District No. 6, Tp. 50, R. 1 W., and attended the public school of said district and enjoyed all the rights and privileges therein as other resident children of said School District No. 6, Tp. 50, R. 1 W.

''The court finds that the residence of said minor at the time said assessments were made was with his aunt in school district No. 6, Tp. 50, R. 1 W., and had been from the time he went 'to live with his said aunt after the death of his parents.

''The court therefore upon the finding aforesaid, orders, adjudges and determines that the plaintiff have and recover of the defendant the state and county taxes as set out in the said taxbills, to-wit: the sum of six hundred and fifteen and 58-100 dollars, without penalty or interest, and that he pay the school taxes on said property of said minor so assessed according to the current rate in School District No. 6, Tp. 50, R. 1 W., and that said amount of school tax when so paid be transferred to School District No. 6, Tp. 50, R. 1 W., and that plaintiff have and recover of defendant his costs and charges in this behalf expended.''

After an unsuccessful motion for a new trial on the part of the plaintiff, he in proper time and in due form prosecuted this appeal to this court, and the record is now before us for consideration.

OPINION.

The record before us discloses that there is practically no dispute as to the facts involved in this controversy. The father and mother of the minor, Charles M. Hamilton, lived in Troy, which is in School District No. 4, Township 49, Range 1 west. Both of these parents died prior to 1888. At the time of their death Charles M. Hamilton, the minor, was eight or nine years old, and upon the death of his mother, his last surviving parent, he was taken charge of by his aunt,

Mrs. Finley, who lived at Auburn, Lincoln county, Missouri, which is in School District No. 6, Township 50, Range 1 west, with whom he lived as a member of her family and under her parental control and direction until he became of age in 1900, in which school district he was enrolled and enjoyed all the rights and privileges of other school children of said district. The defendant George A. Hamilton, an uncle of said minor, was appointed guardian and curator of said minor in 1888 by the probate court of Lincoln county, and had the possession, control and management of said minor's estate from the date of his appointment until the minor became of age in 1900. George A. Hamilton, the guardian and curator, lived at the time of his appointment and has ever since that time lived in School District No. 2, Township 49, Range 1 east. The personal estate of said minor in the hands of the curator was assessed for the years 1897, 1898 and 1899 to the defendant, George A. Hamilton, curator, and the assessor endorsed on the assessment list and on the personal assessment books made by him for these years the location of the property and residence of the taxpayer as being in School District No. 2, Township 49, Range 1 east. The county clerk in making out the tax books for those years in extending the school tax books disregarded the endorsement made by the assessor on Mr. Hamilton's list and on the assessor's books as to the location of the property and as to the residence of the taxpayer, but extended and apportioned the school tax against said property on the school tax books to School District No. 4, Township 49, Range 1 west, and computed the amount thereof according to the rate fixed by said School District No. 4. The rate of school tax in School District No. 4, Township 49, Range 1 west, was $1, while the rate in District No. 2, Township 49, Range 1 east and in District No. 6, Township 50, Range 1 west was 40 cents.

It is apparent that there is but one question for

consideration presented to this court, that is as to whether the property assessed to George A. Hamilton, curator, is liable for the school tax for the benefit of School District No. 4, Township 49, Range 1 west, as extended and carried upon the tax books by the county clerk, in other words, Troy School District.

We have carefully analyzed the facts as found by the court, as well as the agreed statement of facts upon which the cause was submitted to the court, and we think it is clear that neither the minor, Charles M. Hamilton, nor the curator, George A. Hamilton, was a resident of or domiciled at the time the assessments involved in this proceeding were made in the Troy School District. Charles M. Hamilton, the minor, had lived with his aunt's family more than ten years before the assessments were made and received the benefits and advantages of the public school in that district. The proposition as to whether the taxes should have been assessed for the benefit of the school district where the minor was domiciled with his aunt or whether for the benefit of the district where the curator, George A. Hamilton, resided, is not before us, but it appearing that neither the curator nor the minor resided in or were domiciled in the Troy district for the benefit of which a recovery is sought, in this action, it is clear that the plaintiff is not entitled to recover the taxes for the benefit of that district.

It is insisted by the appellant that the judgment is erroneous for the reason that it is not responsive to the pleadings, and undertakes to give the benefit of the taxes in dispute to School District No. 6, which is in no way claimed for said district in the issues before the court. While it may be true that this judgment was erroneous in favor of the plaintiff for the benefit of School District No. 6, yet we are unable to see how plaintiff is to be injured or has any right to complain at the judgment, when it is made so manifest that the

district for which he seeks a recovery is not entitled to the benefit of such taxes. The defendant in this cause has not appealed from the judgment in favor of plaintiff for the benefit of School District No. 6, and appellant has no right to complain for the, reason before stated that the district for the benefit of which he seeks a recovery of the taxes in dispute is not entitled to any of those taxes. After the death of the parents of Charles M. Hamilton the fact is undisputed that the residence and domicile of the minor was changed to the home of his aunt, and as heretofore stated he resided there for more than ten years prior to the making of the assessment in this cause, and the mere fact that the minor had resided with his parents at the time of their death in Troy, Missouri, and the further fact that Charles M. Hamilton, the minor, was regularly returned as a taxpayer of said Troy district, falls far short of establishing his residence or domicile, and could by no means prevent a change in the residence or domicile of the minor after the death of his parents.

The proposition as to which one of the school districts, the one in which the minor resided or was domiciled, or the one in which the curator resided, is entitled to the benefit of the taxes involved in this dispute, not being before us, we shall not undertake to discuss it or make any ruling respecting it. The views of this court as to the manner and method of assessing the property of a minor, is indicated in State ex rel. v. Burr, 143 Mo. 209, and State ex rel. v. Brown, 172 Mo. 374. There being no one in this court who is in any way injured by the judgment of the trial court, making any complaint as to such erroneous judgment, under the facts in this cause, finding no error committed as against the interest and right of the plaintiff, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.