## ·C. HANSON, Appellant, v. J. A. YEARY, Respondent.

### Springfield Court of Appeals, November 6, 1911.

1. BILLS AND NOTES: Consideration: Compromise Settlements. In an action on a promissory note defendant pleaded a want of consideration and claimed that the note in suit had been given to the plaintiff in lieu of other notes, which were without consideration and which plaintiff purchased with full notice of that fact. But it appeared that the other notes aggregated a much larger sum than the note in suit and that the latter note was given as a compromise settlement of the first notes. *Held*, that this compromise settlement was a sufficient consideration for the note given therefor, where plaintiff had in good faith contended that the other notes were binding and valid instruments.

2. ———: ———: ———. The settlement of a doubtful claim or honest difference between parties, the claim of indebtedness being made in good faith, is a valid consideration for a note given in settlement of such claim.

Appeal from Laclede Circuit Court.—*Hon. Don. O. Vernon*, Special Judge.

REVERSED AND REMANDED.

*J. W. Farris* for appellant.

(1) The original notes given to the bank, five in number, amounted to $535 principal at eight per cent interest. The evidence conclusively proves that defendant gave the note in compromise settlement of these old notes, which was a good consideration. It was the duty of the trial court to give peremptory instructions to the jury to find the issues for plaintiff. (2) The surrender of one note is good consideration for the making of another. Dorris v. Cronan, 149 Mo. App. 177; Electric Co. v. Ten Brock, 97 Mo. App. 173.

*R. S. Phillips* for respondent.

(1) It appears to us that the law laid down by this court in these cases cited by appellant is not applicable. In Dorris v. Cronon, 149 Mo. App. 177, the evidence shows clearly that there was a valid endorsement or consideration for the endorsement and that the notes had been repeatedly renewed and so the court held that they should be paid and that the surrender of the notes for the giving of another was a valid consideration. The case cited in the case of Electric Company v. Ten Brock, is a similar case as that in the 149, Dorris v. Cronon, and the question of consideration was never raised or pleaded and is not applicable to the case before this court. (2) The evidence undisputed showed that these notes were given merely as accommodation notes. Then under the law no promise or payment on the part of the respondent would validate these notes in the hands of Hanson. Peland v. Association, 157 Mo. 593; Osborne v. Fridrich, 134 Mo. App. 449; Crouch v. Morgan, 135 Mo. App. 611.

COX, J.—Action upon promissory note. Trial by jury, verdict for defendant and plaintiff has appealed.

The petition alleges that plaintiff was engaged in mercantile business at Conway, Missouri, under the name and style of Conway Hardware & Lumber Co. That the note sued upon was executed by defendant to the Conway Hardware & Lumber Co. for the sum of $150 and that defendant had made several payments thereon and asked judgment for the balance due.

The answer admits the execution of the note, then pleads want of consideration and that it was executed under duress, also alleges that plaintiff was not the owner of the note.

The evidence discloses that prior to the execution of this note defendant had executed to the Bank of Conway several notes aggregating a sum much larger than this note. The bank had failed and gone into the hands of a receiver and notes of defendant with others were sold by the receiver and purchased by plaintiff. After plaintiff purchased these notes he had demanded payment several times from defendant which was refused and finally on November 11, 1901 while plaintiff was absent in Europe the note in suit was executed by defendant and delivered to Henry Anderson, agent for plaintiff.

The plaintiff contends that the consideration for this note was the agreement to cancel the notes of defendant to the bank which plaintiff had purchased and his testimony tends to sustain that contention.

Defendant testified that he received no consideration from the bank for the notes to it and that he gave notice at the sale that the notes would not be paid by him. His version of how the note in suit came to be executed is stated, substantially, in the following excerpt from his testimony:

"Q. Go ahead and state what kind of proposition—what was your reason for giving this note here, if anything?

"A. The reason I gave that note; Mr. Hanson had been after me several times about these old bank notes, jumping on to me about it and I told him I am not able to pay them in the first place and I don't owe anything on them and we had several pretty short words and at different times. I don't know how many times; I don't suppose he could tell how many times we had a conversation over this matter and it kept on that way and that is at the time I gave this note, of course, he was in Europe but he had been writing to Mr. Anderson or at least Mr. Anderson told me. Of course, I don't know that he had been writing him but Mr. Anderson kept at me in a nice

friendly manner and I told Mr. Anderson that I would make him a note on that thing in order to hush it up— to keep Mr. Hanson from bothering my employers and at the same time I told Mr. Anderson I can't pay that note only a little along at a time and I intended to have paid it. I kept making payments along on it; when I could spare a few dollars I would pay them on that note to try to get rid of it in order to keep things away from the people that employed me."

The error complained of is the giving of two instructions on behalf of defendant as follows:

2. "The court instructs the jury, that if they believe and find from the evidence in this case that the note sued upon was given in lieu of certain notes payable to the Bank of Conway, and that defendant never received any consideration for the said notes, then plaintiff cannot recover on the notes sued on, if you so find that said $150 note was given in lieu of said notes given to Bank of Conway."

4. "The court instructs the jury, if they believe and find from the evidence in this case that the note sued upon was given in lieu of certain notes payable to the Bank of Conway and that the defendant never received any consideration for the said notes given to the Bank of Conway, and that said notes were given as accommodation paper and that afterwards said bank failed, and said notes were sold and that defendant gave plaintiff notice at the time that said notes were illegal and without consideration, then the giving of the $150 note sued upon, in lieu of the other notes, if you further find it was so given would be illegal and void, that is, if you find that the notes given to the Conway Bank were without consideration and void."

Under the evidence in this case these instructions amounted to a peremptory direction to find for defendant, for defendant had testified that the notes

to the Bank were given without consideration and this testimony was not disputed.

These instructions were clearly erroneous. They told the jury that if the note in suit was given in lieu of the notes to the bank and the notes to the bank were without consideration, then this note was also without consideration. This made the validity of the note in suit depend absolutely on the validity of the former notes to the bank. This might be true if the note in suit was merely a renewal of the former notes and represented the same debt, but that is not this case. Upon defendant's own testimony it is clear that plaintiff was contending that the notes of defendant which he had purchased from the receiver of the bank were binding and was insisting upon their being paid. Defendant also states that he gave this note to hush the matter up and keep Mr. Hanson from bothering his employers but there is no testimony that Mr. Hanson had prior to the execution of this note done or threatened to do anything to embarrass defendant in his employment.

It is clear to us upon the testimony of both plaintiff and defendant that plaintiff was insisting that the notes to the bank which he had purchased were binding and was demanding payment while defendant was contending that he did not owe them and the settlement of this difference between them furnished the real consideration for the note sued upon in this case.

The settlement of a doubtful claim or an honest difference between the parties, the claim of indebtedness being made in good faith, is a valid consideration for a note given in settlement of such claim. [Osborn v. Fridrich, 134 Mo. App. 449, 114 S. W. 1045; School District v. Matherly, 90 Mo. App. 403.]

The issue between the parties was not whether the notes to the bank were without consideration, and plaintiff's right to recover did not depend upon the validity of those notes. Of course if they were valid

and binding then there could be no defense to the note in suit at all; but if they were not binding for want of consideration that did not necessarily defeat plaintiff's right to recover on the note in suit but his right to recover would then depend upon his good faith in insisting upon the payment of the former notes.

Judgment reversed and cause remanded. All concur.