ALBERT B. NORTHERN, Appellant, v. H. R. Mc-CAW, and Others, MEMBERS OF THE BOARD OF DIRECTORS of the ROLLA SCHOOL DISTRICT, Respondents.

**Springfield Court of Appeals, April 14, 1915.**

1. **SCHOOLS AND SCHOOL DISTRICTS: Residence: Charge for School Privilege to Nonresident: Evidence.** Action for injunctive relief against school directors of a school district who sought to charge plaintiff for the privilege of sending his children to school in said district on the ground that plaintiff was a nonresident. Evidence considered to establish that plaintiff's home was within the district and that he was entitled to school privileges of the district without charge.

2. **RESIDENCE: What Deemed: Method of Determining.** Where a man of family has two places of residence at different times of the year, his domicile is deemed to be the one which he describes or deems to be his home; the one which appears to be the center of his affairs, where he votes or exercises the rights and duties of a citizen.

3. ————: **Location of Family.** That plaintiff's family lived during the summer months on a farm did not prevent plaintiff's domicile or place of residence from being in the city.

4. ————: **Proof of: Assessment of Personal Property.** The fact that plaintiff's personal property was assessed in the school district in which his wife's farm was located, such personal property being kept on the farm, does not show conclusively that plaintiff's residence was in such district.

5. **RESIDENCE: Place of: How Established: What Determines.** One's place of residence being entirely one of intention, an expression of such intention can only be overcome by strong circumstances to the contrary.

6. **SCHOOLS AND SCHOOL DISTRICTS: Residence: Liberality in Interpreting School Laws.** The school laws of the state should be liberally construed in determining one's residence, to the end that advantage of securing an education may be as free as possible.

Appeal from Phelps County Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. J. Crites* for appellant.

(1) A person's residence is his usual place of abode, his domicile, the place where his habitation is fixed without any present intention of removing therefrom. The place he votes, the center of his affairs. Green v. Beckwith, 38 Mo. 384; Humphreys v. Humphreys, 115 Mo. App. 361; Wyrick v. Wyrick, 162 Mo. App. 736; 14 Cyc. 833; State ex rel. v. Banta, supra; Ramey v. Dayton, 77 Mo. 678. (2) A matter of intention. State ex rel. v. Smith, 64 Mo. App. 313; Shirk v. Shirk, 75 Mo. App. 573; Adams v. Abernathy, 37 Mo. 196; Green v. Beckwith, supra; Johnson v. Smith, 43

Mo. 499; Stevens v. Larwill, 110 Mo. App. 140; State v. Snyder, 182 Mo. 462, 520; McDowell v. Shoe Co., 135 Mo. App. 276; Chariton Co. v. Moberly, 59 Mo. 238; Sec. 8057, R. S. 1909. (3) Temporary absence will not change residence. Hall v. Schoenecke, 128 Mo. 661; McCrary on Elections (3 Ed.), 62; Lanckford v. Gebhart, 130 Mo. 621; Jacobs on Domicile, secs. 75, 182; 10 Am. & Eng. Ency. of Law, 770 and notes. (4) Statutes affecting the rights of children to attend the public schools must be liberally construed. State ex rel. v. Clymer, 164 Mo. App. 671.

*Lorts & Breuer* and *C. C. Bland* for respondent.

(1) By abandoning his home in Springfield and moving his family on the farm in Phelps county, appellant acquired a residence on the farm, and the farm continued to be his place of residence, unless the evidence showed he permanently abandoned it, and acquired a new residence in Rolla. One cannot in this State have a double residence. The evidence clearly shows that appellant brought his family into Rolla for the purpose of sending his children to school, with no intention of abandoning the family residence on the farm. He was therefore not entitled to free tuition. School District v. Matherly, 84 Mo. App. 140; Same case reported in 90 Mo. App. 405 and also in 103 Mo. App. 337. (2) The rule is that a residence once acquired continues until proved to have been lost, or changed, and the burden of proving the change is on the party asserting it—note to Berry v. Wilcox, 48 A. S. R. 713; People v. Moore, 207 Ill. 180, 69 N. E. 905, 99 A. S. R. 205.

FARRINGTON, J.—The plaintiff filed his petition seeking injunctive relief against the defendants who were the public school directors of the Rolla School District in Rolla, Phelps county, Missouri. In the trial

court the temporary restraining order which had been issued was upon trial dissolved and the plaintiff's petition dismissed. He has appealed.

The salient facts of the case are as follows: The plaintiff, an eye doctor who sold spectacles, resided with his family in Springfield, Missouri, prior to moving to Phelps county. During the first part of July, 1913, his wife and four children moved from Springfield to Phelps county and took up their abode on a forty-acre farm on which was located a large and well-furnished dwelling house. This farm was several miles south of Rolla, and was in what is known as the Hirshe School District. The title to the farm and some of the personal property thereon stood in the wife's name; as to this there is no controversy. The plaintiff testified, and it is uncontradicted, that he is away from his home in Phelps county attending to his business in other counties about half the time. He stated that he did not leave Springfield, his former home until during the first part of September, 1913, but it is shown that between July and September he did spend the Sundays and probably some other days with his family on the farm in Phelps county. It is not controverted that he entered into a lease for the entire second floor of a building over a store in the city of Rolla, which lease commenced to run on September 8, 1913, and was to continue for a term of three years, and that this lease contained several clauses providing that the use to which plaintiff was to put the premises was for office and *residential* purposes. Plaintiff shipped from Springfield to Rolla some ordinary household goods and kitchen furniture and placed the same in rooms in the leased quarters which were partitioned off. He sublet two of the rooms to two tenants and used the remainder of the second floor for himself and his family. Soon after acquiring this lease and placing the household goods and kitchen furniture in the rented premises, he moved his wife and four children from the farm

and they then took up their abode in the quarters which he had thus provided in Rolla. In these quarters the whole family lived, sleeping and eating there, and the plaintiff staying there with them during the time he was attending to his duties in Phelps county. At times, plaintiff would go out to the farm and look after things. The four children attended the public school in Rolla for the school year beginning in the fall of 1913 and ending in the spring of 1914. At that time there was no rule requiring a charge or fee from nonresident children who attended the public schools. A part of the time the plaintiff used the living room or parlor as his office, and at other times he used a part of the hall for an office. The evidence shows that during the summer months his wife and children would spend most of the time on the farm and that when plaintiff came in from his trips during such time he would go out there and stay. There is, however, positive and uncontradicted testimony, not only of the plaintiff but of his witnesses who were in a position to know, that the city quarters were never closed and that there was never a time after the premises were leased and the household goods and kitchen furniture placed therein but what some of the family was there. It is shown that at different times the girls would take some of the washing and go out to the farm to do the work, one reason for this being that they could get soft water out there. Plaintiff's wife entertained her friends and the members of her club occasionally at the farm house. At times, the family got some milk from the farm for family use in town. The evidence shows that plaintiff did not own the farm but that he did own the lease and the property in the town quarters which consisted of those articles of furniture one ordinarily expects to see in a home. Plaintiff swears positively that his home for himself and his family was in the rented premises in Rolla and had been ever since he had prepared these rooms for occupancy. As stated, the lease was for a term of

three years. At the time plaintiff's children were denied the right to attend the public schools of Rolla this lease had been running for about one year. It was uncontradicted that plaintiff and his wife entertained their friends and guests in their town quarters.

The sole question to be decided in this case is whether the plaintiff had his home in the leased quarters in Rolla or on the farm in the Hirshe School District which belonged to his wife. If in Rolla, the judgment must be reversed.

We think the evidence clearly shows that plaintiff's home was in Rolla and that he was entitled to have his children attend the public schools in that city without charge. The evidence leading to this conclusion is that plaintiff shows positively his home was in Rolla. He had a habitation there clearly indicating that he had furnished it as a home and was using it as such. He and his family received their mail at the Rolla postoffice except during such time in the summer as they spent on the farm and then at special request the mail was sent out to them. He voted at one city election in Rolla. As before stated, the first year, his children attended the Rolla public schools and at that time there was no rule providing for a charge against nonresident pupils. This fact strengthens the position of plaintiff during that time because it was not necessary to have a residence in Rolla. And a year before his children were denied the right to attend the Rolla schools he had made the lease "for residential purposes," which shows that that provision in the lease was not put in to evade a charge for the city school facilities and that it was not put in as an afterthought to evade the promulgated rule. The only evidence, as we view the record, that tended to show that his residence was not in Rolla was that of a witness who said on direct examination that plaintiff had said the country place was his home, but being pressed on cross-examination the witness testified, "My impression is that

he said he lived on the farm." And this, according to the witness, was said to another person and the witness was a bystander and overheard what he says is his impression the plaintiff said. It is also shown that the assessment list made out and signed by the plaintiff shows that some live stock and household goods were assessed and put in the Hirshe School District. As the live stock was on the farm which was in the Hirshe School District, this might account for him thinking it should be assessed as of that school district. Plaintiff's explanation as to the circumstances under which this assessment was signed by him leads us to believe that he probably would not have had the question of the situs of the property as to a school district in mind. At least, we are of the opinion that such evidence falls far short of overcoming the evidence to the effect that his home was in the city of Rolla.

In the case of Chariton County v. Moberly, 59 Mo. 238, l. c. 242, 243, we find the law declared as follows: "If a married man has two places of residence at different times of the year, that will be deemed his domicile which he himself selects or describes or deems to be his home, or which appears to be the centre of his affairs, or where he votes or exercises the right and duties of a citizen."

The fact that the family lived for several months in the summer on the farm would make the city of Rolla none the less plaintiff's domicile or place of residence. [Hall v. Schoenecke, 128 Mo. 661, 31 S. W. 97.]

The only residence this record discloses that this plaintiff had prior to moving to Rolla was Springfield, Missouri, and he certainly offered sufficient evidence that he abandoned the Springfield home. And the fact that the wife and children stayed on her farm from July until September—when plaintiff established his home in Rolla—is not convincing that he established his family home on a farm—a place he did not own. The use and occupancy of the Rolla habitation clearly,

under subdivision seventeen of section 8057, Revised Statutes 1909, fixed that as his permanent abode. The fact that the personal property on the farm was assessed in the Hirshe School District falls short of fixing plaintiff's domicile in that district. [State ex rel. Brown v. Hamilton, 202 Mo. l. c. 386, 100 S. W. 609.] It is established, we think, that he abandoned his Springfield home and began to be a bona-fide resident of Rolla in September, 1913, bringing himself within the rule declared in the case of Barnard School District v. Matherly, 84 Mo. App. 140 (which, it may be observed, has been before the appellate courts of this State three different times: 90 Mo. App. 403; 103 Mo. App. 337, 76 S. W. 1109). The evidence in that case as to residence was far less convincing than is the evidence here, and it was finally decided in defendant's favor, the defendant in that case occupying the same position as plaintiff in our case.

The business plaintiff was engaged in made it necessary that he be in town. His occupation, therefore, was consistent with his avowed intention in establishing and making the city quarters his home rather than the farm. In the case of City of Winchester v. Van Meter (Ky. App.), 164 S. W. 323, 324, the following language appears: "In many cases the identity of the permanent home is to be fixed by facts and circumstances, as a mere expression of intention is not always controlling; but when the expression of intention to select his permanent residence at a designated place harmonizes with the facts and circumstances that serve to illustrate the intention, as they do in this case, there is not much room for dispute as to the place of residence." The place of residence being entirely one of intention, an expression of such an intention can only be overcome by strong circumstances to the contrary. [City of Winchester v. Van Meter, supra.] We hold, therefore, that plaintiff exercised his constitutional right.

[See: 8 Cyc. 1106; and In re Lee Sing et al., 43 Fed. 359.] To hold that plaintiff is not a resident of Rolla, in the face of the uncontradicted testimony that he voted at one city election and one general election in Rolla would necessarily find that he committed a felony under the election laws, and we do not believe that a court or jury could be found that would convict him of such an offense on the evidence presented in this record.

Bearing in mind the duty to liberally construe the school laws (State ex rel. Halbert v. Clymer, 164 Mo. App. l. c. 676, 147 S. W. 1119) so that the advantage of securing an education can be made as free as possible to the girls and boys of Missouri, we have no hesitancy in reversing this judgment and remanding the cause to the end that an order and judgment may be entered in the circuit court of Phelps county making permanent the temporary injunction heretofore issued.

Respondents raise the point that the appeal should be dismissed for failure to furnish an abstract of the evidence as provided by the rules and furnishing instead a complete copy of the court stenographer's notes, labeled "Abstract." This court has in the past been too lax in the enforcement of the rule referred to and for that reason we are not disposed to be so drastic in cases that were prepared prior to our recently avowed intention to enforce such rule. We will, however, take into consideration this point in this case when we come to tax the costs of printing the abstract.

*Robertson, P. J.,* and *Sturgis, J.,* concur.